Harvey I. Saferstein (State Bar No. 49750)
Nada I. Shamonki (State Bar No. 205359)
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND
  POPEO, P.C.
2029 Century Park East, Suite 1370
Los Angeles, California 90067
Telephone: 310-586-3200
Facsimile: 310-586-3202
Email:  hsaferstein@mintz.com; nshamonki@mintz.com

Attorneys for Defendant CoxCom, Inc.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| John Joseph Brady and Elizabeth Ann Brady,<br><br>　　　　　　　Plaintiffs,<br><br>vs.<br><br>CoxCom, Inc., a Delaware corporation,<br><br>　　　　　　　Defendant. | No. CV09-00441-CJC-AN<br><br>[Complaint filed April 9, 2009]<br><br>**STIPULATION TO STAY PRETRIAL PROCEEDINGS PENDING DECISION BY MULTIDISTRICT LITIGATION PANEL ON MOTION TO CONSOLIDATE AND TRANSFER**<br><br>Judge:　Hon. Cormac J. Carney<br>Ctrm:　9B |

The parties stipulate and move for an order staying all pretrial proceedings, including any and all obligations to respond to the complaint and discovery, in this case until the Judicial Panel on Multidistrict Litigation (the "MDL Panel") rules on Defendant CoxCom, Inc's pending motion to consolidate this action with thirteen other, nearly identical actions filed in six other federal courts, all of which have been or will be stayed save for one (for which a stipulation to stay is pending approval).  The parties believe that the interests of economy and fairness will be best served by entering the requested stay.

# THE COURT SHOULD STAY THIS ACTION
# PENDING CONSOLIDATION AND TRANSFER BY THE MDL PANEL

Plaintiffs' class action complaint alleges that Defendant violated Section 1 of the Sherman Act, 15 U.S.C. § 1, by requiring customers to lease a set-top cable box in order to obtain premium cable television services. Since February 13, 2009, various other plaintiffs have filed nearly identical lawsuits against Defendant (and related parties) in different district courts around the country on behalf of putative classes of persons who rented cable boxes from Defendant.[1]

The other cases contain the same core factual allegations and are brought against the same Defendant. All of the actions allege that Defendant violated Section 1 of the Sherman Act, 15 U.S.C. § 1, and some of the actions also allege that Defendant violated state law by requiring customers to lease a set-top cable box in order to obtain premium cable television services. Some of the actions seek to certify a nation-wide class. The complaints seek essentially the same relief, including damages, an injunction, and attorney fees. All of these antitrust cases are in their initial procedural stages. As of the date of this motion, Defendant has not filed any answers or dispositive motions and no discovery has taken place in any of these cases. Every one of these cases has been or will be stayed[2] save for one (for which a stipulation to stay is pending approval).

---

1   The other cases are: *Duke et. al. v. Cox Enterprises Inc.*, 5:09-cv-00083 (M.D. Ga.); *Diket (formerly Soso) v. Cox Enterprises, Inc., et. al.*, 2:09-cv-03022 (E.D. La.); *Berniard v. Cox Communications New Orleans, Inc., et. al.*, 2:09-cv-02996 (E.D. La.); *Gelder v. CoxCom, Inc.*, 2:09-cv-00456 (D. Az.); *Hortenstine v. CoxCom. Inc.*, 2:09-cv-03065 (E.D. La.); *Thompson v. CoxCom, Inc., et. al.*, 5:09-cv-00287 (W.D. Ok.); *Strobo v. Cox Enterprises, Inc. et al.*, 3:09-cv-00103 (N.D. Fla.); *Smith v. Cox Enterprises, et. al.*, 2:09-cv-03079 (E.D. La.); *T. Becnel v. Cox Enterprises, Inc., et. al.*, 2:09-cv-03137 (E.D. La.); *R. Becnel v. Cox Enterprises, Inc. et. al.*, 2:09-cv-03155 (E.D. La.); *Zayas v. Cox Enterprises, Inc. et. al.*, 2:09-cv-03170 (E.D. La.); *Prezgay v. Cox Communications, et. al.*, 2:09-cv-00614 (D. Nev.); and *Abdullah v. CoxCom Inc.*, 2:09-cv-03264 (E.D. La.).

2   The *T. Becnel*, *R. Becnel*, *Zayas* and *Abdullah* cases in the Eastern District of Louisiana have not technically been stayed yet, but each of them is in process of being consolidated with the *Soso/Diket* and *Berniard* cases in that

1    On March 17, 2009, Defendant filed a motion with the MDL Panel to
2 transfer this action and the three other cases that had been filed at that point
3 (and any subsequent tag-along actions) to the Middle District of Georgia (where
4 Defendants have their primary place of business) for consolidated pretrial
5 proceedings.³ Responses to that Motion, and Defendant's Reply, have all been
6 filed, and no party has opposed consolidation and transfer pursuant to the MDL
7 Panel's rules and procedures.⁴  Accordingly, the parties stipulate to stay this
8 proceeding pending resolution of the motion to transfer.
9    A district court's power to stay pending litigation is well established.  It
10 is "incidental to the power inherent in every court to control the disposition of
11 the causes on its docket with economy of time and effort for itself, for counsel,
12 and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936).
13 Indeed, a majority of courts have concluded that it is often appropriate to stay
14 preliminary pretrial proceedings while a motion to transfer and consolidate is
15 pending with the MDL Panel because of the judicial resources that are
16 conserved.  *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal.
17 1997); *Hertz Corp. v. Gator Corp.*, 250 F. Supp. 2d 421, 428 (D.N.J. 2003)
18 (staying matter pending MDL Panel ruling ).
19    Three factors are generally relevant when considering whether to grant a
20 stay: "(1) potential prejudice to the non-moving party; (2) hardship and inequity
21 to the moving party if the action is not stayed; and (3) the judicial resources that

---

court, at which time they will be automatically stayed by force of that court's April 21, 2009 Orders granting motions to stay.  *See* **Exhibit 1**.  Furthermore, a stipulation to stay the *Prezgay* case was filed in the District of Nevada on April 20, 2009.  *See* **Exhibit 2**.

3    A copy of Defendant's motion papers filed with the MDL Panel are attached as **Exhibit 3**.  A copy of Defendant's Fifth Notice of Tag-Along Action seeking transfer of this case is attached as **Exhibit 4**.

4    The MDL Panel's Notice of Filing and Publication of Briefing Schedule for MDL 2048 is attached hereto as **Exhibit 5**.

- 3 -

1  would be saved by avoiding duplicative litigation if the cases are in fact
2  consolidated." *Rivers*, 980 F. Supp. at 1360. The parties agree that these factors
3  favor granting a stay of this litigation.

4      This case, like the other nearly identical cases, is in its very early stages.
5  Defendant has not yet answered or responded to any complaint, and in fact
6  nearly all of the cases have been stayed pending transfer and consolidation by
7  the MDL Panel. Further, no discovery has taken place in any of the cases
8  sought to be transferred. The stay would not be open-ended because Defendant
9  has already filed a motion with the MDL Panel to consolidate and transfer the
10  cases. Moreover, a stay will avoid unnecessary expenditure of resources by the
11  Court and the parties.

## CONCLUSION

13      For the foregoing reasons, the parties respectfully request that the Court
14  enter a stay of all proceedings in this matter pending a decision by the MDL
15  Panel on Defendant's transfer motion.

16      DATED this 23rd day of April, 2009.

**MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.**

/s/ Nada I. Shamonki
Harvey I. Saferstein
Nada I. Shamonki
2029 Century Park East, Suite 1370
Los Angeles, California 90067
Counsel for Defendant CoxCom, Inc.

**SCHNEIDER WALLACE COTTRELL BRAYTON KONECKY LLP**

/s/ Todd M. Schneider (w/perm.)
Todd M. Schneider
180 Montgomery St., Suite 200
San Francisco, CA 94104
Counsel for Plaintiffs John Joseph Brady
and Elizabeth Ann Brady

|  |  |
|---|---|
| 1 | **PROOF OF SERVICE** |

**STATE OF CALIFORNIA** )
) ss
**COUNTY OF LOS ANGELES** )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2029 Century Park East, Suite 1370, Los Angeles, California 90067.

On April 23, 2009, I served the within document:

**STIPULATION TO STAY PRETRIAL PROCEEDINGS PENDING DECISION BY MULTIDISTRICT LITIGATION PANEL ON MOTION TO CONSOLIDATE AND TRANSFER**

☒ (ELECTRONIC MAIL) by causing a true and correct copy of the above document(s) to be electronically delivered to the person(s) at the address(es) set forth below.

☒ By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

Schneider Wallace Cottrell Brayton Konecky LLP
Todd M. Schneider (tschneider@schneiderwallace.com)
Mark T. Johnson (mjohnson@schneiderwallace.com)
180 Montgomery Street, Suite 2000
San Francisco, CA 94104

Schneider Wallace Cottrell Brayton Konecky LLP
Garrett W. Wotkyns (gwotkyns@schneiderwallace.com)
7702 E. Doubletree Ranch Road, Suite 300
Scottsdale, AZ 85258

The Cabrera Firm, APC
Guillermo Cabrera (gil@cabrerafirm.com)
501 West Broadway, Suite 800
San Diego, CA 92101

Meservy Law, P.C.
London D. Meservy (london@meservylawpc.com)
1111 Sixth Avenue, Suite 404
San Diego, CA 92101

1   I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the
2   U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.
3
   I declare under penalty of perjury that the foregoing is true and correct.
4   Executed on April 23, 2009, at Los Angeles, California.

5

6   _____
   JAZMIN LEON
7

8   4596787v.3

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28